FILED

2014 May-29  AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| MARIA TEXIDOR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:14-cv-00247-RBP |
| | ) | |
| WINN DIXIE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This cause comes before the court on defendant Winn-Dixie Montgomery, LLC's[1] Motion to Dismiss, filed on February 18, 2014.  On February 14, 2013, the plaintiff filed a complaint with the Circuit Court of Calhoun County, Alabama.  (Doc. 1-1).  Due to a technical error by the plaintiff, the complaint contained only a blank page.  (*Id*.).  On May 6, 2013, the plaintiff amended the complaint to state a claim for negligence and wantonness against the defendant.  (Doc. 1-2).  This amended complaint was served on the defendant on January 21, 2014. (Doc. 1, ¶ 1).  On February 12, 2014, the defendant filed a Notice of Removal with this court.  (Doc. 1).  It then filed the present Motion to Dismiss on February 18, 2014.  (Doc. 5).  It argues the statute of limitations bars the plaintiff's actions.  The alleged incident happened on February 21, 2011.  After careful consideration, the court determines the motion is to be **GRANTED**.

### I. Legal Standard

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.

---

[1] The complaint incorrectly names the defendant as "Winn Dixie Stores, Inc."  (Doc. 5, p. 1).

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

In order to survive a motion to dismiss, a plaintiff is not required to "negate an affirmative defense in [their] complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quoting *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993)).  Dismissal is appropriate only "if an affirmative defense … appears on the face of the complaint." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

## II. Discussion

### A.    Negligence Claim

The defendant argues that the negligence claim is time barred by the two year statute of limitations.  Ala. Code § 6–2–38; *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993) ("The statutory period of limitations for negligence … is two years from the date the injury occurred.").  It contends that although the plaintiff filed the initial, blank complaint within this time period, the amended complaint does not relate back to this initial filing because it failed to state a claim against the defendant.  *See Phelps v. S. Alabama Elec. Co-op*, 434 So. 2d 234, 236 (Ala. 1983) ("[T]he primary issue is whether the complaint states a cause of action against [the defendant].").  Thus, because the amended complaint was filed after the statute of limitations, the defendant concludes that the negligence claim is time-barred.

2

The plaintiff responds that her initial complaint tolled the statute of limitations because of a "technical difficulty."  (Doc. 7, p. 1).  She contends that she mistakenly uploaded a "shortcut" to the document rather than the actual document.  *Id*.  She points the court to various cases finding that other technical errors should not render a complaint untimely.  *E.g., Shuler v. Garrett*, 715 F.3d 185, 186 (6th Cir. 2013).

The court finds that the plaintiff's negligence claim is time-barred because the amended complaint cannot relate back to the original, blank complaint.  Typically, "[a] civil action is commenced by filing a complaint with the court."  Ala. R. Civ. P. Rule 3(a).  However, in order for an amended complaint that adds or substitutes a defendant to relate back to the original complaint, "the complaint *must* describe the actions that form the basis of the cause of action." *Ex parte Int'l Ref. & Mfg. Co.*, 972 So. 2d 784, 789 (Ala. 2007) (emphasis added).  The Supreme Court of Alabama reasoned:

> [N]o claim or cause of action was ever stated against the individuals at any time before the statute of limitations ran. It can be argued that this interpretation of the Rules of Civil Procedure is a technical one, but it is not an unreasonable one. Although the rules do establish a system of notice pleading, they do not eliminate *the necessity of alleging a theory of liability against a defendant before the limitation period runs, and merely listing a multitude of fictitious parties does not meet that requirement*. It is not unreasonable to require the statement of a claim to be contained in the complaint itself.

*Minton v. Whisenant*, 402 So. 2d 971, 972-73 (Ala. 1981) (emphasis added).  Furthermore, "[w]here there is an amendment to a complaint which adds a new cause of action, it does not relate back to the commencement of the suit insofar as the statute of limitations is concerned." *Nason v. Jones*, 179 So. 2d 281, 283 (1965) (citations omitted).[2]  It goes without saying, but the

---

[2]  The court notes the difference between a "cause of action" and a "new legal theory" or "claim" based on the same alleged facts.  *See Ex parte Johnston-Tombigbee Furniture Mfg. Co., Inc.*, 937 So. 2d 1035, 1038-39 (Ala. 2005) ("[W]hen an amendment merely changes the legal theory of a case or merely adds an additional theory, and the new theory is based upon the same facts as the original one and those facts have been brought to the attention of the defendant, the amendment does not prejudice the defendant; we have held that such an amendment is to be taken as merely a more definite statement of the original cause of action and that it relates back to the date of the original complaint.") (citations omitted).

blank complaint did not "describe the actions that form the basis of the cause of action." *Ex parte Int'l Ref. & Mfg. Co.*, 972 So. 2d at 789.

The plaintiff's retort that her technical difficulties should negate these requirements is unavailing.  The cases cited by the plaintiff to support her argument are distinguishable from the present case.  In *Schuler*, the court held that an electronically-filed Rule 59 Motion to alter or amend judgment was timely filed, despite containing the wrong docket number.  715 F.3d at 187.  Because the motion was filed with the wrong docket number, "the motion was listed as filed on the docket sheet of another case."  *Id*. at 186.  The plaintiff then re-filed the motion a week later outside of the 28 days allowed by Fed. R. Civ. P. 59(e).  *Id*.  The court stated:

> In this circuit, we have honored the admonition in Rule 5(d)(4) of the Federal Rules of Civil Procedure since its amendment in 1991 to provide, in pertinent part, that "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices."  Under that rule, plaintiffs' Rule 59 motion should be considered timely filed. Furthermore, there is no evidence that defendants suffered any prejudice as a result of the delay in filing because, on the same day that plaintiffs' counsel filed the motion electronically (albeit under the wrong docket number), counsel also served paper copies of the motion on the defendants, as local rules required

*Id*. at 187.

The Seventh Circuit similarly held that "a timely electronic notice of appeal" was sufficient to meet the deadline, despite "violat[ing] a local rule by failing to file the notice 'conventionally on paper.'"  *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008) (citing E.D. Wis., Electronic Case Filing Policies and Procedures Manual, Criminal Part III(C)).  The court reasoned that "Federal Rule of Civil Procedure 5(e) ensures that any document presented to the clerk in violation of a local rule of form can nonetheless be filed for purposes of satisfying

a filing deadline."[3]  *Id.*; *see also* Fed. R. Civ. P. 83(a)(2) ("A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.").

In *M.B. v. R.P.*, the court refused "to dismiss the appeal based on the technicality of untimely service [of appellate briefs] on the other parties."  3 So. 3d 237, 245 (Ala. Civ. App. 2008).  The court noted that "[u]nder the express provisions of the Rules of Appellate Procedure, [the] court *may,* but is not required, to dismiss an appeal" for untimely service of the appellate brief.  *Id*. at 244.  It further reasoned that, although proper service was a month late, the other party "received a copy via e-mail … only one day late."  *Id*.

If the court were to accept the plaintiff's argument, then the blank complaint would have tolled the statute of limitations for every potential cause of action against every potential defendant.  Furthermore, in contrast to the cited cases, it took the plaintiff almost three months to amend the complaint and state a cause of action against the defendant.  (Docs. 1-1, 1-2).  Alabama law is clear: The plaintiff must "alleg[e] a theory of liability against a defendant before the limitation period runs."  *Minton*, 402 So. 2d at 972-73.  The plaintiff has not convinced the court that her circumstances justify an exception to this requirement.  She "cannot rely on her own, unilateral mistake to toll the statute of limitations."  *Arrington v. Walgreen Co.*, 609-CV-1300-ORL-31, 2010 WL 2652478, at *3 (M.D. Fla. July 1, 2010) *aff'd*, 416 Fed. App'x 846 (11th Cir. 2011).[4]

**B.     Wantonness Claim**

---

[3] The Eight Circuit adopted this same reasoning regarding a notice of appeal.  *See Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008).
[4] The court notes that even if the amended complaint related back to the original filing, it would still be untimely for the reasons stated in Part B, *infra*.

The plaintiff's wantonness claim is also barred by the statute of limitations.   For wantonness claims, "litigants whose causes of action have accrued on or before the date of this decision [i.e., June 3, 2011] shall have two years from today's date to bring their action unless and to the extent that the time for filing their action under the six-year limitations period announced in *McKenzie* would expire sooner."   *Ex parte Tate & Lyle Sucralose, Inc.*, 81 So. 3d 1217, 1223 (Ala. 2011).   Thus, the plaintiff's claims were barred after June 3, 2013.   The defendant argues that the plaintiff's delay in serving it bars her claims.   *See* (Doc. 5, p. 7) ("336 days lapsed between the date the Summons was issued by the Clerk and the date Winn Dixie was ultimately served with process.   Even if the date of filing the Amended Complaint stands as the measuring post …, 255 days lapsed.").   The court finds this argument persuasive.

"For statute-of-limitations purposes, the complaint must be filed *and* there must *also* exist a bona fide intent to have it immediately served." *Precise v. Edwards*, 60 So. 3d 228, 231 (Ala. 2010) (quotations and citation omitted) (emphasis original).   The court reasoned that "[e]ven though the complaint was served … within the time for service …, the *unexplained* delay nevertheless evidenced a lack of intent to commence the action at the time it was filed.   *Id*. at 232 (emphasis original).   In the instant case, the plaintiff elected service by process server and then failed to serve the defendant for 256 days after filing the amended complaint.[5]   She has failed to explain this delay.   *See* (Doc. 7).   As the *Precise* court stated:

> The instant case involves service by process server, not by certified mail.   The plaintiffs elected this procedure and undertook the duty to obtain a process server. At the time of filing, and for over four months thereafter, the plaintiffs failed to do so.   Like the plaintiff in *Dunnam* [*v. Ovbiagele*], the plaintiffs here were tardy in performing the steps *required of them* to effectuate service. This *unexplained* failure to perform tasks required to effectuate service at the time of filing, "viewed objectively, evidences a lack of the required bona fide intent to have [the

---

[5] The plaintiff explained that the process server initially could not download and serve the original complaint.  Thus, the court will consider her delay of service after filing the amended complaint.

defendants] immediately served." 814 So.2d [232,] 239 [(Ala. 2001)]. This lack of intent was unrebutted in the trial court.

60 So. 3d at 233 (footnote omitted) (emphasis original).   Because the plaintiff lacked "the required bona fide intent" to serve the defendant, the action was not commenced "for statute-of-limitations purposes."   *Id.* at 233-34.

### III. Conclusion

For the foregoing reasons, the court finds that the defendant's Motion to Dismiss is due to be **GRANTED**.   The court will enter an order to that effect contemporaneously herewith.

This the 29th day of May, 2014.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**